IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMANDA ELDRIDGE                                                      PLAINTIFF

v.                      CIVIL NO. 15-5284

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Amanda Eldridge, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on October 31, 2012, alleging an inability to work since July 31, 2012, due to depression, anxiety, adult attention deficit disorder (ADD), scoliosis, and attention deficit hyperactivity disorder (ADHD).  (Doc. 8, pp. 128, 145, 156, 175). For DIB purposes, Plaintiff maintained insured

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

status through June 30, 2015.  (Doc. 8, pp. 128, 160).  An administrative video hearing was held on December 16, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 8, pp. 78-125).

By written decision dated April 25, 2014, the ALJ found that during the relevant time period, Plaintiff had the following severe impairments: thoracolumbar scoliosis, attention deficit hyperactivity disorder (ADHD), major depressive disorder/depressive disorder and posttraumatic stress disorder (PTSD).  (Doc. 8, p. 61).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Doc. 8, p. 61).  The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs.  She cannot climb ladders, ropes and scaffolds and must avoid concentrated exposure to hazards, including no driving as a part of work.  The claimant can perform work where interpersonal contact is routine but superficial, the complexity of tasks is learned by experience with several variables involved and judgment is used within limits and little supervision is required for routine tasks but detailed supervision is required for nonroutine tasks.

(Doc. 8, p. 64).  With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform her past relevant work, she could perform work as an assembly worker and an addressing clerk.  (Doc. 8, pp. 69-70).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 21, 2015.  (Doc. 8, pp. 5-8).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.

(Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable

3

by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to find Plaintiff's limitations in her upper extremities were severe impairments; 2) the ALJ erred in his RFC determination when failing to include applicable reaching and handling limitations; 3) the ALJ failed to fully develop the record by failing to order a physical consultative examination; and 4) the ALJ's mental RFC was deficient and not based on substantial evidence. (Doc. 9). [2]

---

[2] The Court has reordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner

4

### A. Full and Fair Development of the Record:

Plaintiff argues that the ALJ erred in failing to fully develop the record by failing to order a physical consultative examination. The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

In this case, the record consists of physical and mental RFC assessments completed by non-examining medical consultants; a mental diagnostic evaluation; and Plaintiff's medical records, which included clinic notes from her primary care physicians, hospital records, and imaging results. After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### B. Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. §§ 404.1520(c), 416.920(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform

work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments, the ALJ specifically discussed the alleged impairments in the decision and considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); §§ 404.1523(c), 416.923(c) (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

With regard to Plaintiff's alleged limitations in her upper extremities, after reviewing the record, the Court finds that substantial evidence supports the ALJ's findings. The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### C. Subjective Complaints and Symptom Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and

aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The ALJ discussed the following: Plaintiff's extensive activities of daily living, including caring for young children, cooking, light cleaning and laundry, and watering flowers; the objective medical evidence; the conservative treatment Plaintiff received for her back condition; Plaintiff's ability to work as a receptionist and her ability to attend CNA training while on Ritalin for her Attention Deficit Hyperactivity Disorder (ADHD); and Plaintiff's improvement of her ADHD symptoms while on medication. (Doc. 8 pp. 65-69). The ALJ also noted that on December 13, 2012, emergency room records reveal that she was treated for an elbow sprain after she had gone bowling; however, emergency room reports also showed she did not complain of any back or neck pain. (Doc. 8, pp. 66-67). Based on a review of the record as a whole, this Court finds substantial evidence supports the ALJ's credibility assessment and because the ALJ provided good reasons for discounting Plaintiff's subjective complaints, this Court defers to the ALJ's credibility determination. See Leckenby v. Astrue, 487 F.3d 626, 632 (8th Cir. 2007) (this Court defers to the ALJ's credibility determination when it is supported by good reasons and substantial evidence).

### D.     The ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).   Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. §§ 404.1545(a)(3), 416.645(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect heris RFC."  Id.

In the present case, when determining that Plaintiff could perform sedentary work with limitations, the ALJ considered the relevant medical records, the medical opinions from treating, examining, and non-examining physicians, and set forth the reasons for the weight given to the opinions.  Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination of sedentary work with limitations.

8

### E.    Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as an assembly worker or an addressing clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 29th day of March, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE